# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| FACTOR2 MULTIMEDIA SYSTEMS, LLC, § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> EARLY WARNING SERVICES, LLC *et al.* § <br> *Defendant* § | Case No. W-24-CA-00362-XR |

## ORDER AND ADVISORY

It is **ORDERED** that the Plaintiff(s) confer with the Defendant(s) as required by Fed. R. Civ. P 26(f) to submit (1) a proposed scheduling order and (2) a Rule 26(f) Report in the formats shown in the attached documents for the Court's consideration by **December 12, 2024**. Failure to do so may result in the Court's entering its own scheduling order.

So that this Court may more efficiently manage its docket, the parties are hereby **ORDERED** to notify the Court whether or not they consent, under 28 U.S.C. § 636(c), to Magistrate Judge jurisdiction. Therefore, within thirty (30) days of the date of the filing of this Order, each party shall sign the appropriate election form to be filed with the Clerk's Office (see attached).

It is so **ORDERED**.

**SIGNED** this November 14, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| FACTOR2 MULTIMEDIA SYSTEMS, LLC, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. W-24-CA-00362-XR |
| | § | |
| EARLY WARNING SERVICES, LLC *et al.* | § | |
| *Defendant* | § | |

## PLAINTIFF'S ADVISORY TO THE CLERK OF COURT

Plaintiff in the above-captioned case elects as follows (please select only one of the following options):

☐ <u>I consent to proceed before a United States Magistrate Judge in accordance with provisions of Title 28 U.S.C. Section 636.</u>  Plaintiff in the above-captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment.  Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with Title 28 U.S.C. Section 636(c)(3).

☐ <u>I do **not** consent to proceed before a United States Magistrate Judge</u>.  Plaintiff in the above-captioned case elects **not** to have this case decided by a United States Magistrate Judge and prefers that this case proceed before the United States District Judge.

_____
      Plaintiff's Name

By: _____
      Signed by Attorney

                                                                                                             Date

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| FACTOR2 MULTIMEDIA SYSTEMS, LLC, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. W-24-CA-00362-XR |
| | § | |
| EARLY WARNING SERVICES, LLC *et al.* | § | |
| *Defendant* | § | |

## DEFENDANT'S ADVISORY TO THE CLERK OF COURT

Defendant in the above-captioned case elects as follows (please select only one of the following options):

☐ I consent to proceed before a United States Magistrate Judge in accordance with provisions of Title 28 U.S.C. Section 636. Defendant in the above-captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with Title 28 U.S.C. Section 636(c)(3).

☐ I do **not** consent to proceed before a United States Magistrate Judge. Defendant in the above-captioned case elects **not** to have this case decided by a United States Magistrate Judge and prefers that this case proceed before the United States District Judge.

_____
    Defendant's Name

By: _____
        Signed by Attorney

                                                                                    Date

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| FACTOR2 MULTIMEDIA SYSTEMS, LLC, <br> *Plaintiff* <br><br> v. <br><br> EARLY WARNING SERVICES, LLC *et al.* <br> *Defendant* | § <br> § <br> § <br> §    Case No.  W-24-CA-00362-XR <br> § <br> § <br> § |

## AGREED[1] SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

**MOTIONS FOR LEAVE TO AMEND PLEADINGS.**

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is _____.[2]

The deadline for Defendant(s) to file a motion (1) seeking leave to amend pleadings; or (2) to join parties is _____.[3]

**EXPERTS**

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before _____.[4]

Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before _____.[5]

---

[1] This document should generally be filed as an agreed upon recommendation.  If any party cannot agree to a certain deadline, that party should indicate with specificity why a dispute exists as to the appropriate deadline.
[2] Generally 60 days from date of this order.
[3] Generally 75 days from date of this order.
[4] Generally 90 days from date of this order.
[5] Generally 120 days from date of this order.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is _____.

## COMPLETION OF DISCOVERY

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all fact discovery is _____.

The deadline for the completion of all expert discovery is _____.

## INFRINGEMENT/INVALIDITY CONTENTIONS

By _____, a party claiming patent infringement shall serve upon all parties its "Disclosure of Asserted Claims and Infringement Contentions," identifying the accused product(s), the asserted patent(s) that the accused product(s) allegedly infringe(s), and its damages model. Such disclosure shall also produce the file history for each asserted patent.

By _____, each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions"

Leave of Court is required to amend infringement or invalidity contentions after these dates. Any request to amend must be submitted as soon as practical.

## CLAIM CONSTRUCTION ISSUE IDENTIFICATION

No later than _____, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court.

After the lists are exchanged, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on _____. The parties' Joint Claim Construction Chart should identify the term(s) or phrase(s) of the claim(s) at issue and describe each party's proposed construction of the disputed claim language with citation(s) to the intrinsic evidence in support of their constructions. The parties should attach to the Joint Claim Construction Chart a joint appendix including a copy of the patent(s) at issue and portions of all relevant intrinsic evidence cited in the chart.

**CLAIM CONSTRUCTION BRIEFING**

The deadline for the parties' opening briefs on claim construction is _____. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length.[6]

***MARKMAN* HEARING**

The Court will hear argument on claim construction on _____. No later than the date on which their Joint Claim Construction Chart is filed, the parties shall notify the Court, by joint letter submission (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

---

6 This supersedes the page limit specified in TXWD Local Rules CV-7(d)-(f).

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

|  |  |  |
|---|---|---|
| | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No. |
| | § | |
| | § | |
| *Defendant* | § | |

**JOINT FED. R. CIV. P. 26 REPORT**

1. Are there any outstanding jurisdictional issues?
2. Are there any unserved parties?  If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?
3. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled? What are the key claim terms requiring construction?
4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?
5. Are there any related cases pending in any other court at this time? If so, what is the status of those cases? Does Plaintiff plan to file any future related cases? Are there products that are not colorably different than the currently-accused products that Plaintiff expects or Defendant should expect will be added to the case?
6. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).
7. What, if any, discovery has been completed?  What discovery remains to be done?  Have the parties considered conducting discovery in phases?  What are the core technical documents?  If source code is going to be produced, when, where, and how will it be made available?
8. What, if any, discovery disputes exist?
9. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502 or a confidentiality and protective order? Are there any reasons this case requires provisions that are not typical of the form protective order set forth in Appendix H to the Local Rules?
10. Have the parties discussed mediation?